IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL K. THOMAS, #243760, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:15-CV-470-MHT |
| | ) (WO) |
| | ) |
| DR. RAHMING, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Daniel K. Thomas ("Thomas"), an indigent state inmate, currently incarcerated at the Limestone Correctional Facility. In the complaint, Thomas alleges that from July of 2014 until June of 2015 during a prior term of confinement at the Kilby Correctional Facility the defendants denied him adequate medical treatment for an intermittent elevated pulse rate. *Complaint - Doc. No. 1* at 4.

Pursuant to the orders of this court, the defendants filed a written report supported by relevant evidentiary materials, including extensive medical records, in which they address the claim for relief presented by Thomas. The report and evidentiary materials refute the self-serving, conclusory allegations presented by Thomas. Specifically, the undisputed evidence indicates that the defendants did not act with deliberate indifference to Thomas' elevated heart rate and, instead, provided him adequate medical treatment for

N/A
N/A
N/A
N/A

his condition.

In light of the foregoing, the court issued an order directing Thomas to file a response to the defendants' written report. *Order of September 18, 2015 - Doc. No. 30*. The order advised Thomas that his failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action**." *Id*. at 1 (emphasis in original). Additionally, the order "**specifically cautioned [the plaintiff] that [his failure] to file a response in compliance with the directives of this order**" would result in the dismissal of this civil action. *Id*. The time allotted Thomas for filing a response in compliance with the directives of this order expired on October 9, 2015. As of the present date, Thomas has failed to file a requisite response in opposition to the defendants' written report. The court therefore concludes that this case should be dismissed.

The court has reviewed the file to determine whether a less drastic measure than dismissal is appropriate. After such review, it is clear that dismissal of this case is the proper course of action at this time. Thomas is an indigent individual. Thus, the imposition of monetary or other punitive sanctions against him would be ineffectual. Additionally, Thomas' inaction in the face of the defendants' report and evidence suggests a loss of interest in the continued prosecution of this case. Finally, the undisputed evidentiary materials submitted by the defendants indicate that no violation of the

Constitution occurred. It therefore appears that any additional effort by this court to secure Thomas' compliance would be unavailing. Consequently, the court concludes that the plaintiff's abandonment of his claims and his failure to comply with an order of this court warrant dismissal. *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amendment to complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to comply with an order of this court. It is further

ORDERED that on or before January 19, 2016 the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party

to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 5th day of January, 2016.

                         /s/Charles S. Coody
                        CHARLES S. COODY
                        UNITED STATES MAGISTRATE JUDGE